Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3087 | **DATE** | 10/31/2003 |
| **CASE TITLE** | In Re: In Re: CAC SERVICES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies Ford Credit's motion to dismiss [3-1]. Appellant to file opening brief on merits of appeal on or before 11/14/03; Appellee given to and including 11/28/03 to file response brief; Appellant given until 12/5/03 to file reply brief; ruling will be by mail.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 04 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | | |
| | TBK | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**DOCKETED**

NOV 0 4 2003

In re: )
)
) Judge Ronald A. Guzmán
CAC SERVICES, INC., )
) 03 C 3087
Debtor. )

## MEMORANDUM OPINION AND ORDER

CAC Services Inc. ("Debtor") has filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code. Creditor Ford Motor Credit Company ("Ford Credit") moves to dismiss Debtor's pending appeal of a Bankruptcy Court order because Debtor has failed to post an appeal bond and failed to timely comply with Federal Bankruptcy Rule 8006. For the reasons provided in this Memorandum Opinion and Order, the Court denies the motion.

## FACTS

On February 7, 2003, the Circuit Court of Cook County issued an Order For Replevin against Debtor for the recovery of twelve trucks and thirteen trailers owned by Ford Credit. The Order for Replevin required the Debtor to deliver the vehicles to Ford Credit or post bond for $2,400,000 by April 7, 2003.

On March 28, 2003, Debtor filed a voluntary bankruptcy petition under Chapter 11 of the U.S. Bankruptcy Code. Under 11 U.S.C. § 362(a), the filing of this petition triggered an automatic stay, preventing creditors from taking further action against the Debtor or Debtor's property. Thus, the Cook County replevin action was automatically



stayed on March 28, 2003 pursuant to 11 U.S.C. § 362(a).

On April 10, 2003, in the U.S. Bankruptcy Court for the Northern District of Illinois, Ford Credit moved to modify the automatic stay to allow it to continue its action to recover its vehicles from Debtor. On April 21, 2003, the Bankruptcy Court granted Ford Credit's motion and ordered the automatic stay to be lifted to allow Ford Credit to exercise its rights under Illinois law to seek recovery of its property.

On April 21, 2003, Debtor filed an Emergency Motion for Reconsideration, and requested that the Bankruptcy Court stay the order lifting the automatic stay and set an appeal bond. The Bankruptcy Court denied Debtor's motion to stay the order lifting the automatic stay, and set an appeal bond for $475,000.

On April 24, 2003, Debtor filed a notice of appeal of the Bankruptcy Court's order to lift the automatic stay. Federal Rule of Bankruptcy Procedure 8006 requires that a debtor, within ten days after filing the notice of appeal, file and serve on appellee a designation of the items to be included in the record, and a statement of the issues to be presented. The deadline for such filing was Monday, May 5, 2003, but Debtor did not file these items until May 8, 2003.

On April 30, 2003, in the Cook County Circuit Court Ford Credit moved to enforce the replevin order because the Bankruptcy Court had lifted the automatic stay. However, the Circuit Court continued the stay of the replevin order based upon the pendency of the appeal of the Bankruptcy Court's order lifting the automatic stay.

To date, Debtor has not filed bond with any Court, and Ford Credit has not recovered its vehicles. Ford Credit now moves to dismiss Debtor's pending appeal because Debtor failed to post the bond required in the Bankruptcy Court's April 21, 2003

2

order. Alternatively, Ford Credit moves to dismiss Debtor's appeal for failure to timely comply with Rule 8006.

## **DISCUSSION**

The requirement of an appeal bond in a bankruptcy action is an "appropriate order" and its purpose is to protect the prevailing party against any loss caused by the unsuccessful attempt to reverse the bankruptcy court's decision on appeal. *In re James River Assocs.*, 148 B.R. 790, 798 (Bankr. E.D. Va. 1992). An appeal bond can be classified as either a supersedeas bond or a cost bond. *Adsani v Miller*, 139 F.3d 67, 70 (2d Cir. 1998). A supersedeas bond is retrospective in nature and covers sums related to the merits of the underlying judgment and a stay of its execution, whereas a cost bond is prospective and related to the potential expenses of litigating the appeal. *Id.*

The Bankruptcy Court's order of April 21, 2003 states only that "an appeal bond is set at $475,000." Although not explicitly stated in the Bankruptcy Court's order, this bond was presumptively set to protect Ford Credit from continued use of its vehicles by the Debtor while the appeal was pending. Therefore, this bond can properly be classified as a supersedeas bond.

Failure to post a supersedeas bond does not impair an appellant's right to appeal. *In re Am. President Lines, Inc.*, 779 F.2d 714, 719 (D.C. Cir. 1985); *In re Farrell Lines, Inc.*, 761 F.2d 796, 797 (D.C. Cir. 1985); *In re Diet Drugs Prod. Liability Litigation*, No. MDL No. 1203, Civ. A. 99-20593, 2000 WL 1665134, at *2 (E.D. Pa. Nov. 6, 2000). Rather, failure to post a supersedeas bond extinguishes the stay pending appeal. *In re Bradley*, 3 B.R. 313, 316 (Bankr. E.D. Va. 1980). Thus, when a debtor has failed to post

3

a supersedeas bond, the underlying state court action for recovery of creditor's property may proceed because the requirements for the stay of execution were not met. *See In re Matos*, 790 F.2d 864, 865 (11th Cir. 1986); *In re Beck*, 26 B.R. 945, 947 (Bankr. N.D. Ohio 1983); *In re Bradley*, 3 B.R. at 316; *In re Standfield*, No. 93 C 2317, 1993 WL 192957, at *1 (N.D. Ill. May 28, 1993).

In this case, Debtor's failure to post the appeal bond does not impair its right to appeal the Bankruptcy Court's April 21, 2003 order. The Court therefore denies Ford Credit's motion to dismiss because a failure to post the supersedeas bond is not a valid reason to dismiss the appeal. However, because Debtor failed to post the bond, there exists no stay against Ford Credit for recovery of its property. Thus, there is nothing preventing Ford Credit from repossessing their vehicles while the appeal is pending.

Alternatively, Ford Credit also moves to dismiss Debtor's pending appeal for failure to timely comply with Federal Bankruptcy Rule 8006. Ford Credit argues it was prejudiced by Debtor's filing three days after the deadline mandated by Rule 8006. In determining whether to dismiss an appellant's appeal for failure to comply with Rule 8006, the court determines whether the appellant's delay constitutes egregious behavior, bad faith, or whether the delay resulted in any apparent prejudice to the parties. *In re Winters*, No. 93 C 7381, 1994 WL 397939, at *3 (N.D. Ill. July 15, 1994). Ford Credit has failed to adequately demonstrate how Debtor's three-day delay resulted in any apparent prejudice. Accordingly, the Court denies Ford Credit's motion to dismiss on this ground.

## CONCLUSION

For the forgoing reasons, the Court denies Ford Credit's motion to dismiss [doc. 3-1].

**SO ORDERED**         **ENTERED:** 10/31/03

*Ronald A. Guzman* (signature)

**HON. RONALD A. GUZMAN**
**United States Judge**